1    OWENS TARABICHI LLP
     DAVID R. OWENS, State Bar No. 180829
2    dowens@owenstarabichi.com
     BRUNO W. TARABICHI, State Bar No. 215129
3    btarabichi@owenstarabichi.com
     111 W. Saint John St., Suite 588
4    San Jose, CA 95113
     Tel:  408-298-8200
5    Fax:  408-521-2203

6    Attorneys for Defendant
     Stephanie A. Young
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12   Connet & Company LLC,

13              Plaintiff,                    Case No. C 08-03366 MEJ

14        vs.                                **DEFENDANT STEPHANIE A. YOUNG'S
                                             ANSWER**
15   Scott E. Uhrig, an individual; Whiterock
     Partners, an unknown Texas business
16   entity; Stephanie A. Young, an individual;   **DEMAND FOR JURY TRIAL**
     Tina C. Molock, an individual; and DOES
17   1–50,

18              Defendant.

19

20        Defendant Stephanie A. Young ("Defendant") hereby answers the Complaint filed by

21   Connet & Company LLC ("Plaintiff") as follows:

22                          **THE PARTIES**

23        1.      In response to paragraph 1, Defendant responds that she lacks sufficient

24   knowledge or information to form a belief as to the truth of the allegations in paragraph 1 and,

25   therefore, denies such allegations.

26        2.      In response to paragraph 2, Defendant responds that she lacks sufficient

27   knowledge or information to form a belief as to the truth of the allegations in paragraph 2 and,

28   therefore, denies such allegations.

3.     In response to paragraph 3, Defendant responds that she lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 and, therefore, denies such allegations.

4.     Admitted.

5.     In response to paragraph 5, Defendant responds that she lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 and, therefore, denies such allegations.

6.     In response to paragraph 6, Defendant responds that paragraph 6 does not contain any allegations that require a response.

7.     In response to paragraph 7, Defendant denies that any defendant designated as a Doe acted as Defendant's agent, servant, or employee.  With regard to the remaining allegations in paragraph 7, Defendant responds that she lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 7 and, therefore, denies such allegations.

## STATEMENT OF FACTS

8.     In response to paragraph 8, Defendant responds that she lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 and, therefore, denies such allegations.

9.     In response to paragraph 9, Defendant responds that she lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and, therefore, denies such allegations.

10.     In response to paragraph 10, Defendant admits that she was employed as an associate by Plaintiff from on or about July 12, 2000 through on or about March 16, 2007.  With regard to the remaining allegations in paragraph 10, Defendant responds that she lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 10 and, therefore, denies such allegations.

11.     In response to paragraph 11, Defendant responds that she lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 and,

1    therefore, denies such allegations.

2        12.    In response to paragraph 12, Defendant responds that she lacks sufficient

3    knowledge or information to form a belief as to the truth of the allegations in paragraph 12 and,

4    therefore, denies such allegations.

5        13.    In response to paragraph 13, Defendant denies that she has violated her

6    employment agreement with Plaintiff.  With regard to the remaining allegations in paragraph 13,

7    Defendant responds that she lacks sufficient knowledge or information to form a belief as to the

8    truth of the remaining allegations in paragraph 13 and, therefore, denies such allegations.

9        14.    In response to paragraph 14, Defendant denies that she stole, transmitted, or

10    misappropriated any alleged confidential, proprietary, or trade secret information from Plaintiff;

11    denies that she breached her employment agreement with Plaintiff; and denies that Plaintiff

12    suffered any harm to its business.  With regard to the remaining allegations in paragraph 14,

13    Defendant responds that she lacks sufficient knowledge or information to form a belief as to the

14    truth of the remaining allegations in paragraph 14 and, therefore, denies such allegations.

15        15.    In response to paragraph 15, Defendant denies each and every allegation in

16    paragraph 15.

17        16.    In response to paragraph 16, Defendant responds that she lacks sufficient

18    knowledge or information to form a belief as to the truth of the allegations in paragraph 16 and,

19    therefore, denies such allegations.

20        17.    In response to paragraph 17, Defendant responds that she lacks sufficient

21    knowledge or information to form a belief as to the truth of the allegations in paragraph 17 and,

22    therefore, denies such allegations.

23                    **FIRST CAUSE OF ACTION**
                    **BREACH OF CONTRACT**
24

25        18.    Except as otherwise admitted or qualified above, Defendant denies each and every

26    allegation in the Complaint.

27        19.    In response to paragraph 19, Defendant admits that an employment agreement

28    between Defendant and Plaintiff exists, but Defendant lacks sufficient knowledge or information

owens tarabichi llp
Counselors At Law

3

STEPHANIE A. YOUNG'S ANSWER
Case No. C 08-03366 MEJ

to form a belief as to the validity or enforceability of the agreement or any provisions thereof or to form a belief regarding whether Plaintiff performed in good faith all conditions, covenants, and promises required under the agreement and, therefore, denies such allegations. With regard to the remaining allegations in paragraph 19, Defendant responds that she lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 19 and, therefore, denies such allegations.

20.     In response to paragraph 20, Defendant denies breaching her contractual obligations to Plaintiff. With regard to the remaining allegations in paragraph 20, Defendant responds that she lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 20 and, therefore, denies such allegations.

21.     In response to paragraph 21, Defendant denies breaching her employment agreement and denies that Plaintiff has been damaged. With regard to the remaining allegations in paragraph 21, Defendant responds that she lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 21 and, therefore, denies such allegations.

**SECOND CAUSE OF ACTION
INTENTIONAL INTERFERENCE WITH CONTRACT**

22.     Except as otherwise admitted or qualified above, Defendant denies each and every allegation in the Complaint.

23.     In response to paragraph 23, Defendant responds that she lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 and, therefore, denies such allegations.

24.     In response to paragraph 24, Defendant responds that she lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 and, therefore, denies such allegations.

25.     In response to paragraph 25, Defendant denies breaching any contract with Plaintiff. With regard to the remaining allegations in paragraph 25, Defendant responds that she lacks sufficient knowledge or information to form a belief as to the truth of the remaining

1    allegations in paragraph 25 and, therefore, denies such allegations.

2        26.    In response to paragraph 26, Defendant denies each and every allegation in

3    paragraph 26.

4        27.    In response to paragraph 27, Defendant denies each and every allegation in

5    paragraph 27.

6        28.    In response to paragraph 28, Defendant denies each and every allegation in

7    paragraph 28.

8        29.    In response to paragraph 29, Defendant denies each and every allegation in

9    paragraph 29.

10                    **THIRD CAUSE OF ACTION**
                **NEGLIGENT INTERFERENCE WITH CONTRACT**
11

12        30.    Except as otherwise admitted or qualified above, Defendant denies each and every

13    allegation in the Complaint.

14        31.    In response to paragraph 31, Defendant denies each and every allegation in

15    paragraph 31 that is directed to her.  With regard to the remaining allegations in paragraph 31

16    directed at the other defendants in this action, Defendant responds that she lacks sufficient

17    knowledge or information to form a belief as to the truth of the remaining allegations in

18    paragraph 31 and, therefore, denies such allegations.

19        32.    In response to paragraph 32, Defendant denies each and every allegation in

20    paragraph 32.

21        33.    In response to paragraph 33, Defendant denies each and every allegation in

22    paragraph 33.

23        34.    In response to paragraph 34, Defendant denies each and every allegation in

24    paragraph 34.

25                    **FOURTH CAUSE OF ACTION**
     **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**
26

27        35.    Except as otherwise admitted or qualified above, Defendant denies each and every

28    allegation in the Complaint.

owens tarabichi llp
Counselors At Law

STEPHANIE A. YOUNG'S ANSWER
Case No. C 08-03366 MEJ

36.     In response to paragraph 36, Defendant responds that she lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 and, therefore, denies such allegations.

37.     In response to paragraph 37, Defendant denies each and every allegation in paragraph 37.

38.     In response to paragraph 38, Defendant denies each and every allegation in paragraph 38.

39.     In response to paragraph 39, Defendant denies each and every allegation in paragraph 39.

40.     In response to paragraph 40, Defendant denies each and every allegation in paragraph 40.

41.     In response to paragraph 41, Defendant denies each and every allegation in paragraph 41.

**FIFTH CAUSE OF ACTION**<br>**NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

42.     Except as otherwise admitted or qualified above, Defendant denies each and every allegation in the Complaint.

43.     In response to paragraph 43, Defendant denies each and every allegation in paragraph 43 that is directed to her.  With regard to the remaining allegations in paragraph 43 directed at the other defendants in this action, Defendant responds that she lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 43 and, therefore, denies such allegations.

44.     In response to paragraph 44, Defendant denies each and every allegation in paragraph 44.

45.     In response to paragraph 45, Defendant denies each and every allegation in paragraph 45.

46.     In response to paragraph 46, Defendant denies each and every allegation in paragraph 46.

47.     In response to paragraph 47, Defendant denies each and every allegation in paragraph 47.

48.     In response to paragraph 48, Defendant denies each and every allegation in paragraph 48.

## SIXTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA UNIFORM TRADE SECRETS ACT

49.     Except as otherwise admitted or qualified above, Defendant denies each and every allegation in the Complaint.

50.     In response to paragraph 50, Defendant responds that she lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 50 and, therefore, denies such allegations.

51.     In response to paragraph 51, Defendant denies each and every allegation in paragraph 51.

52.     In response to paragraph 52, Defendant denies each and every allegation in paragraph 52.

53.     In response to paragraph 53, Defendant denies each and every allegation in paragraph 53.

54.     In response to paragraph 54, Defendant denies each and every allegation in paragraph 54.

## SEVENTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES

55.     Except as otherwise admitted or qualified above, Defendant denies each and every allegation in the Complaint.

56.     In response to paragraph 56, Defendant denies each and every allegation in paragraph 56.

57.     In response to paragraph 57, Defendant denies each and every allegation in paragraph 57.

58.     In response to paragraph 58, Defendant denies each and every allegation in

owens tarabichi llp
Counselors At Law

7

STEPHANIE A. YOUNG'S ANSWER
Case No. C 08-03366 MEJ

paragraph 58.

59.    In response to paragraph 59, Defendant denies each and every allegation in paragraph 59.

60.    In response to paragraph 60, Defendant denies each and every allegation in paragraph 60.

61.    In response to paragraph 61, Defendant denies each and every allegation in paragraph 61.

## EIGHTH CAUSE OF ACTION
## UNJUST ENRICHMENT

62.    Except as otherwise admitted or qualified above, Defendant denies each and every allegation in the Complaint.

63.    In response to paragraph 63, Defendant denies each and every allegation in paragraph 63.

64.    In response to paragraph 64, Defendant denies each and every allegation in paragraph 64.

65.    In response to paragraph 65, Defendant denies each and every allegation in paragraph 65.

## AFFIRMATIVE DEFENSES

By way of further answer, Defendant alleges and asserts the following defenses in response to the allegations contained in the Complaint.  In this regard, Defendant undertakes the burden of proof only as to those defenses that are deemed affirmative defenses by law, regardless of how such defenses are denominated in the instant Answer.  Defendant reserves the right to assert other affirmative defenses as this action proceeds based on further discovery, legal research, or analysis that may supply additional facts or lend new meaning or clarification to Plaintiff's claims in the Complaint.

## FIRST AFFIRMATIVE DEFENSE
## FAILURE TO STATE A CLAIM

66.    Plaintiff's claims are barred, in whole or in part, because the Complaint fails to

1  state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
## NO INJURY OR DAMAGE

67.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has not and will not suffer any injury or damage.

## THIRD AFFIRMATIVE DEFENSE
## ESTOPPEL

68.     Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE
## LACHES

69.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE
## ACQUIESCENCE

70.     Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

## SIXTH AFFIRMATIVE DEFENSE
## WAIVER

71.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE
## UNCLEAN HANDS

72.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
## UNLAWFUL RESTRAINT ON TRADE

73.     Plaintiff's claims are barred, in whole or in part, by Section 16600 of the California Business and Professions Code and/or the public policy of the State of California, which prohibit contracts from placing restraints on engaging in a lawful profession, trade, or business.

owens tarabichi llp
Counselors At Law

9

STEPHANIE A. YOUNG'S ANSWER
Case No. C 08-03366 MEJ

**NINTH AFFIRMATIVE DEFENSE**
**STATUTE OF LIMITATIONS**

74.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, including, but not limited to, Sections 337–340 and 343 of the California Code of Civil Procedure.

**TENTH AFFIRMATIVE DEFENSE**
**FAILURE TO MITIGATE DAMAGES**

75.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exercise reasonable care to mitigate its alleged damages.

**ELEVENTH AFFIRMATIVE DEFENSE**
**CONTRIBUTORY NEGLIGENCE**

76.    Plaintiff's claims are barred, in whole or in part, due to the careless and negligent actions of Plaintiff, its employees, its servants, or its representatives.

**TWELFTH AFFIRMATIVE DEFENSE**
**FAILURE OF CONSIDERATION**

77.    Plaintiff's claims are barred, in whole or in part, by the doctrine of failure of consideration.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**PUNITIVE DAMAGES UNCONSTITUTIONAL**

78.    Plaintiff's claim for punitive or exemplary damages under California law is barred, in whole or in part, because it violates Defendant's constitutional rights under the provisions in the California State Constitution and the United States Constitution.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**BREACH BY PLAINTIFF**

79.    Plaintiff's claims are barred, in whole or in part, because Plaintiff materially breached any alleged contract(s) first, thereby excusing Defendant from performing her obligations.

owens tarabichi llp
Counselors At Law

10

STEPHANIE A. YOUNG'S ANSWER
Case No. C 08-03366 MEJ

1

## FIFTEENTH AFFIRMATIVE DEFENSE
## IMPOSSIBLITY, IMPRACTICALITY, FRUSTRATION OF PURPOSE

2

3        80.        Plaintiff's claims are barred, in whole or in part, by the doctrines of impossibility,

4    impracticality, or frustration of purpose

5                                        ## PRAYER FOR RELIEF

6        WHEREFORE, Defendant Stephanie A. Young prays:

7        (i)        that Plaintiff take nothing by the Complaint;

8        (ii)       that Plaintiff's Complaint be dismissed with prejudice; and

9        (iii)      that the Court order such further relief as it deems just and proper.

10                                       ## DEMAND FOR JURY TRIAL

11       Defendant Stephanie A. Young hereby demands a jury trial.

12

13   Dated: July 23, 2008                              Respectfully submitted,

     OWENS TARABICHI LLP

14

15

16                                                     By:    /s/
                                                             David R. Owens
17                                                           Bruno W. Tarabichi

18                                                     Attorneys for Defendant
                                                       Stephanie A. Young

19

20

21

22

23

24

25

26

27

28

owens tarabichi llp
Counselors At Law

STEPHANIE A. YOUNG'S ANSWER
Case No. C 08-03366 MEJ