1  **CASAS RILEY & SIMONIAN, LLP**
   Gregory C. Simonian (California Bar No. 131162)
2  Daniel L. Casas (California Bar No. 116528)
   Valerie S. Higgins (California Bar No. 238323)
3  One First Street, Suite 2
4  Los Altos, CA 94022
   Telephone: (650) 948-7200
5  Facsimile: (650) 948-7220
   gsimonian@legalteam.com
6
7  Attorneys for Defendant
   Scott E. Uhrig, individually and doing business as
8  WhiteRock Partners

9             **UNITED STATES DISTRICT COURT**
10            **NORTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| **CONNET & COMPANY LLC**, a Delaware Limited Liability Company | CASE NO. C 08-3366 MEJ |
| Plaintiff, | **ANSWER OF SCOTT E. UHRIG, INDIVIDUALLY AND DOING BUSINESS AS WHITEROCK PARTNERS, TO CONNET & COMPANY, LLC'S CROSS-CLAIM** (originally filed in state court as "Cross-Complaint") |
| v. | |
| **SCOTT E. UHRIG**, Individually, **WHITE-ROCK PARTNERS**, a Texas D/B/A, **STEPHANIE A. YOUNG**, Individually, **TINA C. MOLOCK**, Individually, and **DOES 1-50**, Inclusive, | |
| Defendants. | |
| **CONNET & COMPANY, LLC**, a Delaware Limited Liability Company | |
| Cross-Complainant | |
| v. | |
| **SCOTT E. UHRIG**, an individual, **WHITEROCK PARTNERS,** an unknown Texas business entity, and **ROES 11** through 20, inclusive | |
| Cross-Defendants | |
| **All Related Cross-Actions** | |

- 1 -
**ANSWER OF SCOTT E. UHRIG, INDIVIDUALLY AND DOING BUSINESS AS WHITEROCK PARTNERS, TO CONNET & COMPANY, LLC'S CROSS-CLAIM**

*Connet & Company v. Uhrig*, et al, Case No. C 08-3366 MEJ

PRINTED ON RECYCLED PAPER

Upon knowledge with respect to himself and his own acts and information and belief as to all other matters, Defendant/Counter-Claimant SCOTT UHRIG, individually, and "WHITEROCK PARTNERS" (a "doing business" name of Scott E. Uhrig) (jointly and severally, "Uhrig") files this Answer to the Cross-Complaint filed on June 16, 2008 in the Superior Court of the State Of California in and for the County of San Mateo (the "Cross-Claim")[1] by Plaintiff CONNET & COMPANY LLC ("Connet"), as follows:

**I.**

### UHRIG'S ANSWER TO THE ALLEGATIONS IN SECTIONS I THROUGH VI OF THE CROSS-CLAIM

1. Answering Section I of the Cross-Claim, Uhrig is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies those allegations.

2. Answering Section II of the Cross-Claim, to the extent the allegations in Section II relate to ROES 11 through 20, Uhrig lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies those allegations. Uhrig admits that "WhiteRock Partners" is a doing business name of Scott Uhrig.

3. Answering Section III of the Cross-Claim, Uhrig admits that defendant TINA MOLOCK has asserted claims against Connet alleging entitlement to overtime wages, bonuses, benefits and penalties during the term of her

---

[1] Defendant Scott Uhrig, individually and doing business as WhiteRock Partners, filed his Notice of Removal to the Northern District of California-San Francisco on July 11, 2008.

- 2 -
**ANSWER OF SCOTT E. UHRIG, INDIVIDUALLY AND DOING BUSINESS AS WHITEROCK PARTNERS, TO CONNET & COMPANY, LLC'S CROSS-CLAIM**

*Connet & Company v. Uhrig*, et al, Case No. C 08-3366 MEJ

PRINTED ON RECYCLED PAPER

employment with Connet & Company. Uhrig admits that MOLOCK performed some work for him, including work in January 2004. Uhrig is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Section III and on that basis denies those allegations.

4. Answering Section IV of the Cross-Claim, Uhrig denies the allegations contained therein.

5. Answering Section V of the Cross-Claim, Uhrig denies the allegations contained therein.

6. Answering Section VI of the Cross-Claim, Uhrig admits that to the extent Connet claims that Uhrig is liable, Uhrig denies such liability. Uhrig denies the remaining allegations in Section VI.

7. The remaining allegations in the Cross-Claim constitute a prayer for relief and therefore require no response. To the extent a response is required, Uhrig denies the allegations.

## II.
## UHRIG'S AFFIRMATIVE DEFENSES
## TO THE ALLEGATIONS IN THE CROSS-CLAIM

8. Uhrig has not completed investigation into the facts of Connet's claims, only some of the parties have exchanged written discovery, and oral discovery has not yet commenced. Uhrig intends to conduct written and oral discovery to defend against Connet's claims and also investigate facts to support Uhrig's affirmative claims against Connet. Therefore, Uhrig specifically reserves the right to modify, amend, or supplement the affirmative defenses herein.

9. The claims asserted in the Cross-Claim fail in whole or in part for the

- 3 -
**ANSWER OF SCOTT E. UHRIG, INDIVIDUALLY AND DOING BUSINESS AS WHITEROCK PARTNERS, TO CONNET & COMPANY, LLC'S CROSS-CLAIM**

*Connet & Company v. Uhrig*, et al, Case No. C 08-3366 MEJ

PRINTED ON RECYCLED PAPER

reasons affirmatively asserted in "Answer and Counter Claim of Scott E. Uhrig, individually and doing business as WhiteRock Partners" (Answer and Counterclaim), which is incorporated herein by reference.

10. In addition or in the alternative, the claims asserted in the Cross-Claim fail in whole or in part based on the following affirmative defenses (which are numbered consecutively from the Affirmative Defenses listed in the Answer and Counterclaim):

### Forty-Fourth Affirmative Defense

11. There has been no demand for indemnity and the claims asserted in the Cross-Claim fail in whole or in part for lack of compliance with a condition precedent.

### Forty-Fifth Affirmative Defense

12. Any request for a declaratory judgment by Connet in the Cross-Claim is subsumed within other claims asserted by Connet against Uhrig and therefore may not be asserted as a separate cause of action and/or as a method of obtaining attorney's fees or costs of suit when they are not otherwise recoverable.

### Forty-Sixth Affirmative Defense

13. Each purported claim or cause of action set forth in the Cross-Claim fails to state a claim upon which relief can be granted.

### Forty-Seventh Affirmative Defense

14. Applicable statutes of limitation bar, in whole or in part, the causes of action pleaded by Connet against Uhrig in the Cross-Claim.

- 4 -
**ANSWER OF SCOTT E. UHRIG, INDIVIDUALLY AND DOING BUSINESS AS WHITEROCK PARTNERS, TO CONNET & COMPANY, LLC'S CROSS-CLAIM**

*Connet & Company v. Uhrig*, et al, Case No. C 08-3366 MEJ

PRINTED ON
RECYCLED PAPER

**Forty-Eighth Affirmative Defense**

15.    The doctrine of laches bars, in whole or in part, the causes of action pleaded by Connet against Uhrig in the Cross-Claim.

**Forty-Ninth Affirmative Defense**

16.    Other persons or entities, including, but not limited to, third persons and/or Connet, its employees, servants, or representatives, were careless, negligent, legally responsible and/or otherwise at fault, in whole or in part, for the damages, if any, alleged by Connet in the Cross-Claim.  Should the Court or trier of fact find any liability in Connet's favor, or settlement or judgment against Uhrig, an apportionment of fault should be made among all other parties or persons at fault.  Uhrig likewise requests a judgment and declaration of partial indemnification and contribution against all other persons or parties in accordance with the apportionment of fault.

**Fiftieth Affirmative Defense**

17.    The claims asserted against Uhrig in the Cross-Claim are barred in whole or in part by the doctrine of illegality and/or are void as against public policy.

**Fifty-First Affirmative Defense**

18.    As to each applicable cause of action alleged against Uhrig in the Cross-Claim, Uhrig's acts or omissions, if any, did not constitute the cause in fact, proximate cause or supervening cause of any of Connet's supposed damages.

**Fifty-Second Affirmative Defense**

19.    The claims asserted against Uhrig in the Cross-Claim are barred in

- 5 -
**ANSWER OF SCOTT E.  UHRIG, INDIVIDUALLY AND DOING BUSINESS AS WHITEROCK PARTNERS, TO CONNET & COMPANY, LLC'S CROSS-CLAIM**

*Connet & Company v. Uhrig*, et al, Case No. C 08-3366 MEJ

PRINTED ON RECYCLED PAPER

whole or in part by the doctrine of unclean hands.

### Fifty-Third Affirmative Defense

20.   The claims asserted against Uhrig in the Cross-Claim are barred in whole or in part by the doctrine of prior breach by Connet.

### Fifty-Fourth Affirmative Defense

21.   The claims asserted against Uhrig in the Cross-Claim are barred in whole or in part by the doctrine of waiver.

### Fifty-Fifth Affirmative Defense

22.   Connet's claims are barred in whole or in part because Connet's alleged damages are speculative and/or were not reasonably foreseeable.

### Fifty-Sixth Affirmative Defense

23.   The doctrine of equitable estoppel bars, in whole or in part, the causes of action pleaded by Connet against Uhrig in the Cross-Claim.

### Fifty-Seventh Affirmative Defense

24.   Connet's failure to exercise reasonable care to mitigate its alleged damages bars, in whole or in part, Connet's claims against Uhrig.  Alternatively, Connet's damages, if any, should be reduced by its failure to mitigate.

### Fifty-Eighth Affirmative Defense

25.   Connet has failed to state a cause of action for recovery of its attorney fees.

### IV. PRAYER FOR RELIEF

26.   Based upon the foregoing and the law and the facts to be presented at trial and other hearings, Uhrig respectfully requests that the Court enter one or more orders and a judgment as follows:

- 6 -
**ANSWER OF SCOTT E. UHRIG, INDIVIDUALLY AND DOING BUSINESS AS WHITEROCK PARTNERS, TO CONNET & COMPANY, LLC'S CROSS-CLAIM**

*Connet & Company v. Uhrig*, et al, Case No. C 08-3366 MEJ

PRINTED ON RECYCLED PAPER

1  (A) Directing that Connet take nothing on its claims against Uhrig;

2  (B) Awarding Uhrig his reasonable attorney's fees and costs as allowed by the law and the facts; and/or

3  (C) Awarding Uhrig pre-judgment and post-judgment interest as allowed by the law and the facts; and/or

4  (D) Awarding Uhrig all other relief available under the law and the facts.

RESPECTFULLY SUBMITTED

**CASAS RILEY & SIMONIAN, LLP**

DATED: July 31, 2008         By: ___/s/ Daniel L. Casas_____
Gregory C. Simonian (CA Bar No. 131162)
Daniel L. Casas (CA Bar No. 116528)
Valerie S. Higgins (CA Bar No. 238323)
One First Street, Suite 2
Los Altos, CA 94022
Telephone: (650) 948-7200
Facsimile: (650) 948-7220
gsimonian@legalteam.com

Attorneys for Defendants
Scott E. Uhrig and WhiteRock Partners

Of counsel:

THE MAJORIE FIRM
   LIMITED PARTNERSHIP

Francis B. Majorie, P.C.
     Texas Bar No. 12851420
     (Pro Hace Motion Pending)
     3514 Cedar Springs Road
     Dallas, TX 75219
     Tel: 214-522-7400
     Fax: 214-522-7911
fbmajorie@themajoriefirm.com

- 7 -
**ANSWER OF SCOTT E. UHRIG, INDIVIDUALLY AND DOING BUSINESS AS WHITEROCK PARTNERS, TO CONNET & COMPANY, LLC'S CROSS-CLAIM**

*Connet & Company v. Uhrig*, et al, Case No. C 08-3366 MEJ

PRINTED ON RECYCLED PAPER