```
ERIC C. KASTNER (SBN 53858)
L. ROBIN GONZALEZ (SBN 176481)
KASTNER | BANCHERO LLP
2465 East Bayshore Road, Suite 405
Palo Alto, CA  94303
Telephone:    (650) 967-7854
Facsimile:    (650) 320-9640

Attorneys for Plaintiff and Counter-Defendant
CONNET & COMPANY, LLC
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNET & COMPANY, LLC<br><br>                    Plaintiff,<br><br>    v.<br><br>SCOTT E. UHRIG, et al.<br><br>                    Defendant. | CASE NO. C-083366-MMC<br><br>**STIPULATED PROTECTIVE ORDER FILED WITH THE SAN MATEO COUNTY SUPERIOR COURT ON JULY 15, 2008** |

- 1 -

**STIPULATED PROTECTIVE ORDER FILED WITH THE SAN MATEO COUNTY SUPERIOR COURT ON JULY 15, 2008**



```
 1  ERIC C. KASTNER (SBN 53858)
    L. ROBIN GONZALEZ (SBN 176481)
 2  KASTNER | BANCHERO LLP
    2465 East Bayshore Road, Suite 405
 3  Palo Alto, CA  94303
    Telephone:   (650) 967-7854
 4  Facsimile:   (650) 320-9640
 5
    Attorneys for Plaintiff
 6  CONNET & COMPANY LLC
```

**ENDORSED FILED**
SAN MATEO COUNTY
JUL 1 5 2008
Clerk of the Superior Court
By  M. MARLOWE
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AN FOR THE COUNTY OF SAN MATEO

UNLIMITED JURISDICTION

| | |
|---|---|
| CONNET & COMPANY LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT E. UHRIG, an individual, WHITEROCK PARTNERS, an unknown Texas entity, STEPHANIE A. YOUNG, an individual, TINA C. MOLOCK, an individual, and DOES 1-50<br><br>    Defendant.<br><br>AND RELATED CROSS-ACTIONS. | CASE NO. CIV 471614<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**BY FAX** |

Each party recognizes that some of the documents and information which have been and may be produced in this action may include trade secrets, confidential, private and/or proprietary technical, commercial, business, personnel and/or financial information, or other confidential research, development or commercial information. To preserve the confidentiality of such information, each party, through their respective counsel of record, agrees as follows, subject to the approval of the Court:

---
STIPULATED PROTECTIVE ORDER
1

1. Any information or materials produced by any party or nonparty as part of discovery in this action may be designated by such party or nonparty as "Confidential" pursuant to the terms of this Protective Order.

2. As a general guideline, information or materials designated as "Confidential" shall be those things that may be disclosed to the parties for the purposes of the litigation, but which must be protected against disclosure to third parties. Examples of such information or materials include materials a party reasonably and in good faith believes contain or disclose information that the party, in the ordinary course of business, does not or would not publicly disclose, or information that a party is under a preexisting obligation to maintain as confidential. Absent a specific order by this Court, information designated as "Confidential" shall be used by the parties and their counsel solely in connection with this litigation, and not for any purpose or function, or any other litigation, and such information shall not be disclosed to anyone except as provided herein.

3. The designation of information or material as "Confidential" for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

(a) in the case of documents, exhibits, briefs, memoranda, declarations, responses to written discovery or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "Confidential" to each page containing any confidential information or material or within thirty (30) days after the Court executes this Order, whichever date is later.

(b) in the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential" hereunder; or (ii) by written notice of such designation sent by counsel to all parties within thirty (30) days after the mailing to counsel of the transcript of the deposition. During a deposition, the deponent or his counsel, or

STIPULATED PROTECTIVE ORDER
2

any counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed "Confidential." The parties shall treat all deposition and other pretrial and trial testimony as "Confidential" hereunder until the expiration of thirty (30) days after the mailing to counsel of the transcript of the testimony or thirty (30) days after the Court executes this Order, whichever date is later. Unless so designated, any confidentiality is waived after the expiration of the relevant 30-day period unless otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation without further order of the Court. If any document or information designated as "Confidential" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped confidential, and access thereto shall be limited pursuant to the terms of this Protective Order.

(c) With respect to any testimony elicited during any deposition, whenever counsel for any party deems that any question or line of questioning calls for or has resulted in disclosure of information that should be treated as "Confidential" and any person is in attendance at the deposition who is not a party to whom disclosure of such information is permitted pursuant to this Order, and such person is not the witness being examined, such person shall be excluded from those portions of the proceeding during which disclosure of the information designated "Confidential" occurs.

4. Information or material designated as "Confidential," or copies or extracts there from and compilations and summaries thereof may be disclosed, summarized, described, characterized otherwise communicated or made available in whole or in part only to the following persons:

(a)   any authors or recipients of the Confidential information, excluding any unauthorized recipients;

(b)   parties to this action, including the parties' officers, directors and employees (including in-house counsel) to the extent deemed necessary by counsel for the defense of this litigation;

(c)   the parties' respective outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(d)   consultants as defined in Paragraph 5 herein and conditioned upon compliance with Paragraph 6 herein;

(e)   the Court and those employed by the Court, pursuant to Paragraph 8 herein;

(f)   professional vendors, including, but not limited to, court reporters, videographers, document reproduction and imaging vendors, and their respective employees, to whom disclosure is reasonably necessary for this litigation and who have agreed to be bound by and comply with this Protective Order;

(g)   third party contractors, including their employees and agents, involved solely in one or more aspects of design services for preparation of demonstrative exhibits, organizing, filing, copying, coding, converting, sorting, translating, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, subject to and conditioned upon compliance with Paragraph 6 herein;

(h)   non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 6 herein; and

(i)   any other person only upon order of the Court or upon written consent of the party producing the confidential information or material.

5. For purposes of Paragraph 4(d) herein, a "consultant" shall be defined as a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party.

6. All persons listed in Paragraphs 4(d), 4(e), 4(f), 4(g), 4(h) and 4(i) above may be given access to information or material designated as "Confidential" only after they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

7. Notwithstanding Paragraph 4 herein, material designated as "Confidential" also may be shown to non-party witnesses and to their respective counsel during the depositions of such non-party witnesses, and may be marked as exhibits to those depositions, provided that all of the following three conditions are satisfied:

   (a) Material designated as "Confidential" shall not be attached to any copies of deposition transcripts provided to non-party witnesses (except witnesses, experts, and consultants authorized to retrieve such materials pursuant to this Order); and

   (b) Material designated as "Confidential" shall not be shown to a non-party witness unless the party showing such material to the non-party witness believes in good faith that: (i) such witness has specific information regarding the material or events reflected in the material, (ii) that the material would refresh the recollection of the witness regarding the material or events as to which the witness has specific information, or (iii) disclosure is necessary for a full and complete examination of the witness.

8. Any party or person filing with this Court material subject to this Order that has been designated as "Confidential," including pleadings, motions, briefs, discovery responses, transcripts or depositions, shall file and/or lodge those papers in compliance with the appropriate laws and rules, including but not limited to the California Code of Civil Procedure and Local Court Rules.

9. The parties may further designate certain discovery material, testimony, or other information of an extraordinarily high confidential and/or proprietary nature to be restricted to "attorneys' eyes only" (hereinafter designated as "**Counsel-Only Material**"), in the manner described in this Paragraph. The designation of "Counsel-Only Material" shall be strictly limited to "Confidential Material" whose disclosure to another party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means provided also that each such designation shall be made only after counsel for the Designating Party has made a good faith particularized determination that the particular protection is warranted. "Counsel-Only Material," and the information contained therein, shall be disclosed only to the persons listed below:

    a. The Court in the state proceeding;

    b. Counsel for the parties (including the paralegal, clerical and secretarial staff employed by such counsel);

    c. Deponents, court reporters and videographers in connection with the recording and reviewing of sworn testimony in these proceedings, who execute Exhibit A.

    d. Experts and consultants for counsel for the parties, who execute Exhibit A. Nothing herein shall require any expert or consultant disclosure not required by the State discovery statutes.

    e. If disclosure of Counsel-Only Material is made pursuant to this paragraph, all other provisions in this Agreement with respect to confidentiality shall also apply, except where inconsistent with this paragraph.

10. No party shall be obligated to challenge the propriety of the designation of any material as "Confidential" or "Counsel Only Material" and a failure to do so shall not preclude any subsequent objection to such designation or motion to seek permission to disclose such material or the information contained therein to persons not identified in this Order, or from otherwise modifying the provisions of this Order.

11. A party may challenge another party's designation of information or materials produced herein as "Confidential" or "Counsel Only Material" by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) business days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) business days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated as "Confidential" or "Counsel Only Material."

12. All "Confidential" information and material and "Counsel Only Material" covered by this Protective Order shall be kept in secure facilities, and access to those facilities shall be permitted only to those designated persons set forth above as persons properly having access thereto.

13. All counsel for the parties who have access to information or material designated as "Confidential" or "Counsel Only Material" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

14. Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or "Counsel Only Material" or otherwise complying with the terms of this Protective Order shall not:

    (a) operate as an admission by any party that any particular information or material designated as "Confidential" or "Counsel Only Material" contains or

reflects trade secrets, proprietary or commercially sensitive information, or any other type of private or confidential information;

(b) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential" or "Counsel Only Material;

(c) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

(e) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(f) prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(g) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

(h) prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

15. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" or "Counsel Only Material" obtained lawfully by such party independently of any proceedings in this action, or which:

(a) was already known to such party by lawful means prior to acquisition from, or disclosure by, another party in this action;

(b) is or becomes publicly known through no fault or act of such party; or

   (c) is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

16. In the event that information in the possession or control of a party involves the confidentiality rights of a non-party or its disclosure would violate a Protective Order issued in another action, the party with possession or control of the information will attempt to obtain the consent of the party to disclose the information under this Order. If the consent of the non-party cannot be obtained, the party will notify the party seeking discovery of:

   (a) the existence of the information without producing such information and;

   (b) the identity of the nonparty (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations.) The party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

17. If a party inadvertently produces "Confidential" information or "Counsel Only Material" without marking it as such, as soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 4 and 9 above, as well as any copies made by such persons and must discontinue any impermissible use of the information.

18. Confidential and/or Counsel-Only Material to be presented to the Court shall be labeled "Confidential Information Subject To Protective Order Of The Court," or "Confidential Material for Attorneys' Eyes Only," as appropriate, and lodged or filed, if lodged or filed at all, under seal. Such lodgings or filings shall additionally comply with all applicable local court and state rules, including but not limited to Rule 243.1 and Rule 243.2 of the California Rules of Court, unless the Court orders otherwise. The party lodging "Confidential" information or "Counsel Only Material" shall also bring a noticed Motion to File Under Seal pursuant to applicable local and civil court rules, accompanied by a declaration establishing that the entire

STIPULATED PROTECTIVE ORDER
9

1  document is sealable. The lodging party shall also lodge with the Clerk and serve a proposed
2  order sealing the document, and shall lodge with the Clerk for delivery to the Judge's chambers a
3  second copy of the entire document, in an identical labeled envelop or container. It is agreed that
4  the parties' respective motions to seal records shall not be opposed by either party absent a good
5  faith belief on the part of the party opposing the motion that documents or records do not in fact
6  contain protectable material. A copy of this Stipulated Protective Order shall be submitted with
7  the lodged materials. Any decision not to oppose a motion to seal information shall not operate as
8  an admission that the information requested to be filed under seal contains or reflects trade secrets,
9  proprietary or commercially sensitive information, or any type of private or confidential
10 information. The terms of this Protective Order shall apply to all manner and means of discovery,
11 including entry onto land or premises, and inspection of books, records, documents, and tangible
12 things.

13    19.    It is the present intention of the parties that the provisions of this Protective Order
14 shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of
15 the parties hereto shall be entitled to seek modification of this Protective Order by application to
16 the Court on Notice to the other parties hereto and to any nonparty which has disclosed
17 information in ordinance on this Protective Order, for good cause.

18    20.    The parties agree to be bound by the terms of this Protective Order pending its
19 entry by the Court or pending the entry of an alternative thereto which is satisfactory to all parties
20 and affected nonparties, and any violation of its terms shall be subject to the same sanctions and
21 penalties as if the Protective Order had been entered by the Court.

22    21.    The provisions of this Protective Order shall, absent written permission of the
23 producing partly or further order of the Court, continue to be binding throughout and after the
24 conclusion of this action, including without limitation any appeals there from. Unless the court
25 orders otherwise, within thirty (30) days after receiving notice of the entry of an order, judgment
26 or decree final disposing of this action, including any appeals there from, all persons having
27 received information or material designated as "Confidential" or "Counsel Only Material"
28

hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing party or, alternatively, shall destroy such material and provide written certification of such destruction to counsel for the producing party. Notwithstanding the foregoing, the undersigned counsel shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain information or material designated as "Confidential" or "Counsel Only Material") provided that such counsel, and employees of such counsel, shall not disclose my such information and material designated as "Confidential" or "Counsel Only Material" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the producing party of the information or material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

22. In the event that any information or material designated as "Confidential" or "Counsel Only Material" hereunder is used in any court proceeding in this action or any appeal there from, such information or material shall not lose its status as "Confidential" or for "Counsel Only" through such use. Counsel for the parties shall confer on such procedures as are reasonable and appropriate to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

23. In the event any party: (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" or "Counsel Only Material" by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile transmission, within five (5) days of receipt of such subpoena, demand or legal process, to those who produced or designated the information or material as "Confidential" or "Counsel Only Material" shall furnish the producing party with a copy of said subpoena or other process or order, shall object to its production by setting forth the

02228

existence of this Protective Order, and shall reasonably cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected. The producing party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

IT IS SO STIPULATED

DATED: June 25, 2008        HOGE FENTON JONES & APPEL, INC.

By: _____
Jonathan Hicks
Attorneys for Defendant and
Cross-Complainant
TINA C. MOLOCK

DATED: June 18, 2008        KASTNER BANCHERO

By: _____
Eric C. Kastner
Attorneys for Plaintiff
CONNET & CO., LLC

IT IS SO ORDERED:

Dated: __JUL 1 4 2008__                           BETH LABSON FREEMAN

                                                  _____
                                                  JUDGE OF THE SUPERIOR COURT