
Kevin Hughey, SBN 197323
E-Mail: kevin.hughey@bullivant.com
Sarah R. Hartmann, SBN 242574
E-Mail: sarah.hartmann@bullivant.com
BULLIVANT HOUSER BAILEY PC
1415 L Street, Suite 1000
Sacramento, California 95814
Telephone: 916.930.2500
Facsimile: 916.930.2501

ERIC C. KASTNER (SBN 53858)
L. ROBIN GONZALEZ (SBN 176481)
KASTNER BANCHERO LLP
2465 East Bayshore Road, Suite 405
Palo Alto, CA 94303
Telephone: (650) 967-7854
Facsimile: (650) 320-9640

Attorneys for Plaintiff and Counter-Defendant,
CONNET & COMPANY LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNET & COMPANY LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SCOTT E. UHRIG, an individual, WHITEROCK PARTNERS, an unknown Texas business entity, STEPHANIE A. YOUNG, an individual, TINA C. MOLOCK, an individual, and DOES 1-50,<br><br>　　　　Defendant.<br><br>AND RELATED CROSS-ACTIONS | Case No.: C083366-MMC<br><br>~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER |

Upon agreement of the parties and in accordance with the Federal Rules of Civil Procedure and the Civil Local Rules of this Court, Court enters this Protective Order.

///

///

///

– 1 –

# PROTECTIVE ORDER

## APPLICABILITY

1. Confidential Information produced in this litigation shall be used solely for the purposes of this lawsuit and for no other purpose. The restrictions herein on the use and disclosure of Confidential Information shall apply to any documents or materials that incorporate, summarize, refer to, or contain Confidential Information. Nothing in this Protective Order prevents a party from moving for a protective order under Civil Local Rules 3-17(d), 7-11, and/or 79-5.

## CATEGORIES AND LIMITATIONS

**A. "CONFIDENTIAL" DESIGNATION**

2. Any party may designate as "CONFIDENTIAL INFORMATION" any document, deposition testimony, or discovery response that the party reasonably and in good faith believes contains or discloses information that the party, in the ordinary course of business, does not or would not publicly disclose; information that the party is under a preexisting obligation to maintain as confidential; and/or information that the party considers in good faith to be entitled to protection from disclosure to the general public either (a) pursuant to Civil Local Rules 3-17(d), 7-11, and/or 79-5, or (b) subject to a legally protected right of privacy.

A producing party shall designate any document containing Confidential Information by stamping on each page thereof containing Confidential Information the word "CONFIDENTIAL." In lieu of stamping the original documents, the producing party may stamp the copies that are produced or exchanged. The producing party shall designate other materials containing Confidential Information by stamping or marking them in a similar manner to the extent practicable. When Confidential Information is produced in a form not appropriate for such stamping or marking, it shall be designated in writing as Confidential Information at the time it is produced. A party may designate as "CONFIDENTIAL" any documents or materials containing Confidential Information produced by a non-party by providing written notice to all parties and the producing non-party of such designation. After any such designation, such

documents and materials shall be fully subject to this Protective Order and treated thereafter according to the new designation.

Any non-party witness or other person, firm or entity from which discovery is sought in this lawsuit may also designate as "CONFIDENTIAL" any documents or material containing Confidential Information produced or testified to by such non-party by designating such documents or material as "CONFIDENTIAL." After such designation, such documents and materials shall be fully subject to this Protective Order and treated thereafter according to the designation.

3. Confidential Information shall not be disclosed to any person or entity other than:

    a) Counsel of record and employees of counsel of record (such as paralegals, clerks, secretaries, associates, and partners) actively engaged in this litigation, their contractors, including outside copy services and litigation support teams and in-house counsel representing the parties hereto;

    b) Officers, directors, or employees of the receiving party who are actively engaged in assisting and/or advising in-house counsel or outside counsel regarding the conduct of this litigation;

    c) Consultants and expert witnesses, (and the professional secretarial and clerical staff of consultants and experts) who are retained by any party or its trial or in-house counsel to furnish services in connection with this action, subject to the requirements of paragraph 4 hereof;

    d) Trial and appellate courts for this action, and court reporters and necessary support personnel of such court reporters retained in connection with depositions taken by any party in this litigation to the extent necessary to transcribe the deposition testimony and identify exhibits marked in the course of the deposition;

    e) Employees of the party or non-party that produced the designated document or material;

f) Persons who authored, prepared or received the Confidential Information in a context outside this litigation;

g) Witnesses (other than expert witnesses and consultants) while testifying at deposition, hearing or trial. A percipient witness must agree to be bound by this Protective Order before viewing the information designated as "CONFIDENTIAL." At the request of any party, the deposition transcript involving the Confidential Information must be designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order. Witnesses shown Confidential Information are not allowed to retain copies; and

h) Individual persons who are named parties to this litigation.

4. Prior to any person identified in paragraphs 3(b) or 3(c) hereof receiving another party's Confidential Information, such person shall be furnished with a copy of this Protective Order and shall be required to certify in writing as set forth in the annexed Acknowledgment Of Protective Order And Agreement To Be Bound, Exhibit A, that he or she has read the Protective Order, understands it, and agrees to be bound by the terms thereof, including without limitation the obligation to protect Confidential Information from discovery by unauthorized co-employees and third persons.

B. **"CONFIDENTIAL-ATTORNEYS ONLY" DESIGNATION**

5. A party may designate Confidential Information as "CONFIDENTIAL-ATTORNEYS ONLY" if the disclosure of such information to another party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. A party shall designate Confidential Information as "CONFIDENTIAL-ATTORNEYS ONLY" in accordance with the procedures set forth in paragraph 2.

6. Any Confidential Information designated as "CONFIDENTIAL-ATTORNEYS ONLY" may not be disclosed to any person or entity other than:

a) Persons identified in paragraph 3(a) hereof;

    b)    Persons identified in paragraph 3(c) hereof, subject to the requirements of paragraph 4, herein;

    c)    Persons identified in paragraph 3(d) hereof;

    d)    Persons identified in paragraph 3(e) hereof;

    e)    Persons identified in Paragraph 3(f) hereof; and

Absent consent of the producing party, "CONFIDENTIAL-ATTORNEYS ONLY" documents and information may be used at deposition only with a witness who is an employee of the producing party or an author or recipient of the document.

## GENERAL PROVISIONS

### A. USE OF CONFIDENTIAL INFORMATION

7. Any person receiving Confidential Information pursuant to this Protective Order shall not disclose such Confidential Information to any person to whom disclosure is not authorized by the express terms of this Protective Order, and shall not make any other disclosure of such Confidential Information for any purpose whatsoever, commercial or otherwise. Confidential Information shall not be used by any receiving person or party except in connection with the conduct of this litigation. Use by any person of Confidential Information for any purpose other than the conduct of this litigation shall be a violation of this Protective Order.

8. Any person receiving Confidential Information pursuant to this Protective Order shall maintain such Confidential Information in a secure and safe area, and the recipient shall exercise all reasonable standards of due and proper care with respect to the storage, custody, and use of such Confidential Information so that it is not further disclosed or used, either intentionally or inadvertently, in any manner inconsistent with this Protective Order.

9. This Protective Order does not preclude, limit, restrict, or otherwise apply to the use of Confidential Information at trial. Prior to trial, upon application by any party, the Court may establish procedures for the use at trial of Confidential Information.

10. Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof relying upon any Confidential

1  Information, provided that the Confidential Information itself or its contents shall not be
2  disclosed except according to the terms of this Protective Order.
3     11.   Nothing in this Protective Order shall prevent any use by the producing party of
4  the Confidential Information that it produces.
5     ///

## B. FAILURE TO DESIGNATE CONFIDENTIAL MATERIAL AND INADVERTENT DISCLOSURE

8     12.   Failure of any party to designate Confidential Information as
9  "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY" at the time of production as
10 provided above shall not preclude that party from thereafter in good faith making such a
11 designation. Documents and materials so designated shall be fully subject to this Protective
12 Order and treated thereafter according to the new or corrected designation. A receiving party,
13 however, shall incur no liability for disclosures made prior to notice of such designations.
14    13.   The inadvertent production of documents or materials containing information
15 protected from disclosure by the attorney-client privilege, work-product doctrine or any other
16 privilege or immunity from discovery shall be without prejudice to the right of any party to
17 claim that such documents or materials are protected from disclosure and to request that such
18 materials be returned to the disclosing party. No party shall use the inadvertent delivery of such
19 documents or materials as a basis for claiming a waiver.
20    In the event of any dispute with respect to whether documents or materials inadvertently
21 produced are protected from disclosure, the party claiming that such documents or materials are
22 protected from disclosure must notify all parties in writing of the nature of the claim, including
23 specifically identifying the documents or materials at issue. The parties shall then confer in good
24 faith as to whether such documents or materials are protected from disclosure. If the parties are
25 unable to reach agreement, within twenty (20) days after an impasse is reached, the party
26 claiming that such documents or materials are protected from disclosure may file a motion for
27 an appropriate order from the Court. At all times, the party claiming that the documents or
28 materials are protected from disclosure shall have the burden of establishing such claim. In the

meantime, the documents or materials in dispute shall be treated as if they were protected from disclosure until the issue is resolved by the Court. If the Court finds that the documents or materials inadvertently produced were protected from disclosure, all copies of the documents or materials at issue shall be returned to the disclosing party or destroyed.

///

**C.  CONFIDENTIAL INFORMATION FILED WITH THE COURT**

14. Any information designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY" that is to be used or filed with the Court in this action and any pleading or other paper containing Confidential Information, other than discovery motions (discussed in ¶15), shall be lodged with the Court conditionally under seal in accordance with Civil Local Rules 3-17(d), 7-11, and/or 79-5, but a party lodging another party's Confidential documents conditionally under seal shall not be obligated to make a motion in the first instance to seal such information. Within ten (10) court days of the lodging of any documents conditionally under seal, such documents shall be unsealed and publicly filed unless the party who originally designated any such documents "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY," or any other party who desires such documents to remain under seal, files a motion pursuant to Civil Local Rules 3-17(d), 7-11, and/or 79-5 to have such documents filed under seal. As to any non-parties, any party who wishes to file a document designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY" by a non-party shall likewise originally lodge such documents conditionally under seal, and provide contemporaneous notice to such non-party of doing so, and such non-party shall then have ten (10) court days to file a motion pursuant to Civil Local Rules 3-17(d), 7-11, and/or 79-5 to have such document or documents remain filed under seal.

**D.  SUBPOENAS OR DOCUMENT DEMANDS IN OTHER CASES**

15. If any person or entity possessing Confidential Information is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand requests the production of Confidential Information, the person receiving the subpoena or document demand shall give prompt written notice to counsel for the producing

-7-
[PROPOSED] STIPULATED PROTECTIVE ORDER

party, and shall, to the extent permitted by law, court rule, and court order, (1) withhold production of the requested Confidential Information until the producing party permits production, or until a court of competent jurisdiction orders otherwise and (2) allow the producing party to move to quash or limit the subpoena or document demand.

///

### E. DESIGNATION OF DEPOSITION TRANSCRIPTS AS CONFIDENTIAL

16. Before or during a deposition, and for up to ten (10) days after receipt of the transcript of that deposition, counsel for any party may designate the deposition or portions thereof as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY." This may be done before or after a deposition by sending a letter to counsel for each party specifying the deposition, or portion thereof and the designation to be applied. This may be done during a deposition by a comparable announcement on the record. The designated deposition shall be appropriately labeled by the court reporter or videographer. If the designation is made after the court reporter has prepared the transcript, then each counsel shall be responsible for appropriately labeling all of his or her copies of the deposition transcript. If deposition testimony is designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY" before or during a deposition, then only authorized recipients as defined in paragraphs 3, 5 and 6 may attend the designated portion of the deposition. The court reporter or videographer for any such deposition shall be informed of the terms of this Order and shall be subject to its terms.

### F. CHALLENGES TO DESIGNATIONS

17. A. A party may object to the designation of a document or material as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY." The objection shall be in writing and served on the party making the designation within 14 days of service of the documents or material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY." Any objection shall provide enough information to sufficiently identify the document, including, where available, the Bates number.

Meet and Confer Process: The parties will meet and confer to attempt to resolve any objection. If the parties cannot resolve the objection within fourteen (14) days of service

of the objection (or such longer period as the parties may agree), the time period within which either party must make a motion to the Court shall start upon the 14th and last day of the meet and confer period (or such longer meet and confer period as the parties may agree). The party asserting and proposing the designation bears the burden of proving that the document or information is designated properly.

B.  Pending resolution of any dispute concerning such designation, all parties and persons governed by this Protective Order shall treat the challenged documents or information as previously designated under the terms of this Protective Order, unless the producing party withdraws such designation in writing.

G.  **OTHER**

18.  Any person receiving Confidential Information pursuant to this Protective Order shall agree to subject himself or herself personally to the jurisdiction of the Court in which this litigation is pending for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

19.  This Protective Order shall be without prejudice to the right of any party to oppose production of any information. The existence of this Protective Order shall not be used by either party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure or the Civil Local Rules of this Court, or any applicable orders of the Court.

20.  Any person may move the Court for a modification of or relief from the terms of this Order at any time upon notice to all parties.

21.  Any party serving a subpoena on any non-party shall, upon inquiry by the non-party, provide a copy of this Order to the non-party.

22.  Counsel of record shall be required to notify their respective clients (and all persons associated with their respective clients who have access to any Confidential Information) of their responsibilities pursuant to this Order.

23.  The terms of this Order shall be in full force and effect for the period of this litigation and shall remain in full force and effect upon resolution of any or all claims in this case. Unless otherwise ordered by the Court or agreed to in writing by the producing party, each

person permitted to review documents or materials containing Confidential Information shall return the documents to the producing party or destroy such documents or materials within thirty (30) days of final resolution of this action, including all appeals.

DATED: May ___, 2009             BULLIVANT HOUSER BAILEY, PC


By: _____
    Kevin Hughey
    Sarah R. Hartmann

Attorneys for Plaintiff and Counter-Defendant
CONNET & COMPANY LLC

DATED: May ___, 2009             HOGE, FENTON, JONES & APPEL, INC.


By: _____
    Jonathan D. Hicks

Attorneys for Defendant and Counter-Claimant
TINA C. MOLOCK

DATED: May ___, 2009             THE MAJORIE FIRM LTD.


By: _____
    Francis B. Majorie, P.C.
    Pro Hac Vice

Attorneys for Defendant and Counter-Claimant
SCOTT E. UHRIG, individually and d/b/a
WHITE-ROCK PARTNERS

DATED: May ___, 2009             OWENS TARABICHI LLP


By: _____
    David R. Owens
    Bruno Tarabichi

Attorneys for Defendant
STEPHANIE A. YOUNG

1  person permitted to review documents or materials containing Confidential Information shall
2  return the documents to the producing party or destroy such documents or materials within
3  thirty (30) days of final resolution of this action, including all appeals.

DATED: May 5, 2009					BULLIVANT HOUSER BAILEY, PC

							By: _____
							     Kevin Hughey
							     Sarah R. Hartmann

							Attorneys for Plaintiff and Counter-Defendant
							CONNET & COMPANY LLC

DATED: May 5, 2009					HOGE, FENTON, JONES & APPEL, INC.

							By: _____
							     Jonathan D. Hicks

							Attorneys for Defendant and Counter-Claimant
							TINA C. MOLOCK

DATED: May ___, 2009				THE MAJORIE FIRM LTD.


							By: _____
							     Francis B. Majorie, P.C.
							     Pro Hac Vice

							Attorneys for Defendant and Counter-Claimant
							SCOTT E. UHRIG, individually and d/b/a
							WHITE-ROCK PARTNERS

DATED: May 5, 2009					OWENS TARABICHI LLP


							By: _____
							     David R. Owens
							     Bruno Tarabichi

							Attorneys for Defendant
							STEPHANIE A. YOUNG

1       IT IS SO ORDERED, with the exception that, contrary to the parties' stipulation as set forth in ¶ 14 above, a party seeking to file a document designated confidential by another party must file an Administrative Motion in conformity with Civil Local Rule 79-5(d), and the designating party must file a responsive declaration within five days thereafter.

DATED:   May 8, 2009

                             UNITED STATES DISTRICT JUDGE

-11-

[PROPOSED] STIPULATED PROTECTIVE ORDER