IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNET & COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>SCOTT E. UHRIG, et al.,<br><br>    Defendants / | No. C-08-3366 MMC<br><br>**ORDER GRANTING DEFENDANT MOLOCK'S MOTION FOR WITHDRAWAL; DIRECTIONS TO COUNSEL FOR MOLOCK; DIRECTIONS TO CLERK** |

    Before the Court is defendant and cross-complainant Tina C. Molock's ("Molock") "Motion for Order for Withdrawal," filed April 22, 2009, by which Molock, through counsel, states she wishes to proceed in propria persona in the above-titled action for "financial reasons," and, accordingly, seeks an order permitting her counsel of record to withdraw. Plaintiff Connet & Company ("Connet") has filed opposition.[1] Having read and considered the motion and opposition, the Court rules as follows.

    In its opposition, Connet argues that Molock, who resides in Georgia, will be unable to adequately represent herself in this "complex" case, and that allowing the withdrawal of Molock's counsel "will undoubtedly cause extraordinary delay." Connet further argues that

---

[1] Connet did not provide the Court with a chambers copy of its opposition. For future reference, Connet is reminded of the following provision in the Court's Standing Orders: "In all cases that have been assigned to the Electronic Case Filing Program, the parties are required to provide for use in chambers one paper copy of each document that is filed electronically. The paper copy of each such document shall be delivered no later than noon on the day after the document is filed electronically. The paper copy shall be marked 'Chambers Copy' and shall be delivered to the Clerk's Office in an envelope clearly marked with the judge's name, case number, and 'E-Filing Chambers Copy.'"

in the event the Court is inclined to grant the motion, the Court should do so only after the close of discovery and after the deadline to file dispositive motions has passed.

The Court does not find sufficient cause exists to require counsel to continue to represent Molock over Molock's objection to paying attorney's fees and/or her stated inability to do so.  Molock has apparently made a reasoned decision that she can represent herself in a court proceeding in California, in spite of her residency in Georgia.  To the extent Connet may be concerned about Molock's ability to follow court orders and rules of procedures, the Court notes that a pro se litigant is obligated to "follow the same rules of procedure that govern other litigants."  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Consequently, Molock's status as an unrepresented party will not, by itself, constitute good cause entitling her to a continuance of any deadline or date, including the trial date.  Nor will Molock's status as a pro se party, by itself, excuse a failure to timely respond to any properly-served discovery requests or notice of deposition.

Accordingly, the motion to allow withdrawal is hereby GRANTED.

Counsel for Molock is hereby DIRECTED to serve Molock, if it has not previously done so, with a service list of all attorneys who have appeared herein and the names of their respective clients; counsel shall file proof of said service no later than five court days after the date of this order.

The Clerk is hereby DIRECTED to reflect on the docket the following contact information for Molock:

> Tina C. Molock
> 1647 Charles Avenue
> Jonesboro, GA  30236
> (770) 210 - 2615
> tmolock1647@yahoo.com

**IT IS SO ORDERED.**

Dated:  May 8, 2009

MAXINE M. CHESNEY
United States District Judge